# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LOWELL QUINCY GREEN,**

        **Plaintiff,**

        v.                                                  Case No. 19-cv-1681

**STATE OF TEXAS GOVERNMENT,** *et al.*,

        **Defendants.**

## ORDER

Plaintiff Lowell Quincy Green, who is presently confined at the Allan B. Polunsky Unit of the Texas Department of Criminal Justice in Livingston, Texas, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (ECF No. 1.) He has not filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*).

The Prison Litigation Reform Act (PLRA) applies to this case because Green was incarcerated when he filed his complaint. Under the PLRA, if a prisoner files more than three cases or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other cases *in forma pauperis* unless the prisoner is in imminent danger of serious

physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is said to have struck out once he or she has accrued three dismissals under this section.

Green has struck out. He has received strikes in at least the following cases: (1) *Green v. Stephens*, No. 4:15-CV-3257 (S.D. Tex. Nov. 6, 2015); (2) *Green v. Heaton*, No. 7:16-CV-14-O (N.D. Tex. Feb. 24, 2016); (3) *Green v. Davis*, No. 6:16-CV-419-RP (W.D. Tex. Feb. 13, 2017), *appeal dismissed*, No. 17-50690 (5th Cir. Apr. 18, 2018); (4) *Green v. State of Texas Government*, No. 6:16-CV-424-RP, 2017 WL 8185875 (W.D. Tex. Feb. 13, 2017), *appeal dismissed as frivolous*, No. 17-50165, 704 F. App'x 386 (5th Cir. Nov. 27, 2017) (per curiam); (5) *Green v. State of Texas*, No. 6:17-CV-92 (W.D. Tex. May 18, 2017), *appeal dismissed for failure to pay filing fee*, No. 17-50648 (5th Cir. Oct. 19, 2017); (6) *Green v. United States, et al.*, No. 4:18-CV-1927 (S.D. Tex. Sept. 18, 2018). At least five Texas federal courts have recognized Green's bar under the PLRA. *See Green v. Gray, et al.*, No. 6:17-CV-131 (W.D. Tex. May 23, 2017); *Green v. Owen*, et al., 4:18-CV-1693 (S.D. Tex. June 11, 2018); *Green v. United States*, No. 4:18-CV-2435 (S.D. Tex. July 17, 2018); *Green v. White, et al.*, No. 4:18-CV-2460 (S.D. Tex. July 19, 2018); *Green v. Tex. Board of Pardons and Parole, et al.*, No. 6:18-CV-259 (E.D. Tex. Aug. 10, 2018).[1]

---

[1] *See Green v. Tarrant County District Attorney, et al.*, No. 4:19-cv-714-O, ECF No. 4 at 2 (N.D. Tex. Sept. 10, 2019).

Having determined that Green has three strikes against him, the court must now consider whether he meets the exception for "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He does not. Green's complaint focuses on his allegedly illegal arrest and seizure by Milwaukee Police Officers in South Milwaukee on November 10, 2002. He alleges he was arrested and extradited to Texas without probable cause and without personal jurisdiction over him. He takes issue with the information used to obtain an indictment and seeks to challenge the charges he faced and his legal representation.

Because Green does not allege that he is in imminent danger of serious physical injury, the court finds that he does not meet the exception in § 1915(g) and therefore cannot proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that, if Green wants to proceed with this case, he must pay the full $400 filing fee within twenty-one (21) days, **by December 13, 2019**. If Green fails to pay the filing fee by the deadline, the court will dismiss this case without prejudice.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge